IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMILIANA OTERO-ROLON, MARIA
MERCEDES OTERO-ROLON, JOSE A.
OTERO-ROLON, JUANA LYDIA OTERO-
ROLON, MARIA MARGARITA OTERO-
ROLON, MARIA SOCORRO OTERO-
ROLON

Plaintiffs

vs                                                            CIVIL 98-2154CCC

HOSPITAL ALEJANDRO OTERO-LOPEZ'
CARIBBEAN ANESTHESIA SERVICES,
INC.; ABC CORPORATION d/b/a
HOSPITAL ALEJANDRO OTERO-LOPEZ;
EMERGENCY DEPARTMENT OF THE
HOSPITAL ALEJANDRO OTERO-LOPEZ;
CORPORATION DEF; DOCTOR Y.
RODRIGUEZ, his/her wife and/or husband;
MR(S). "G" and the legal partnership
constituted by them; DR. SICARD his/her
wife/husband, MR(S)., "H" and the legal
partnership constituted by them;
DEFENDANTS J. DOE AND R. ROE, their
husbands or wives MR(S). "I" and "N" and
the legal partnership constituted by them;
INSURANCE COMPANIES J, K, L & M

Defendants

## INITIAL SCHEDULING AND CASE MANAGEMENT ORDER

This case was called for an initial scheduling conference on November 4, 1999 at 9:00 A.M. Plaintiffs were represented by attorney María del Carmen Taboas. Defendant Caribbean Anesthesia Services, Inc. d/b/a Hospital Dr. Alejandro Otero López (Hospital) was represented by attorney Hilda M. Surillo-Peña. Defendant Dr. David T. Sicard, his spouse and their conjugal partnership (Dr. Sicard) were represented by attorney Igor J. Domínguez. Defendant Dr. Yazmín E. Rodríguez-Vello (Dr. Rodríguez) was represented by attorneys José L. González-Castañer and Jennifer Hernández.

AO 72A
(Rev.8/82)

Jurisdiction is founded on the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395dd et. seq. There is a related case currently pending in the Court of First Instance of the Commonwealth of Puerto Rico, CDP 98-0347, which involves the same parties and states tort claims under the laws of Puerto Rico.

The parties have initiated written discovery. Plaintiffs served all defendants with interrogatories. Defendant Hospital requested, and was GRANTED after plaintiffs expressed no objection, until November 17, 1999 to answer the interrogatories served upon it. Accordingly, the Motion Requesting Order Compelling Discovery filed by plaintiffs (**docket entry 31**) is MOOT, without prejudice of being renewed if Hospital does not abide by the term allowed. Dr. Rodríguez requested, and was GRANTED, the same term to serve her responses to plaintiffs' interrogatories. Dr. Sicard requested, and was GRANTED, until November 29, 1999 to reply to the interrogatories served by plaintiffs upon him. Plaintiffs have answered all the interrogatories served upon them, and already produced a preliminary report of their expert witness.

Although the parties have still to determine the depositions to be taken, they have separated the following dates to schedule them: February 23, 24 & 25, 2000.

In addition, Dr. Rodríguez just filed a motion to dismiss challenging the service of process upon her, and plaintiffs were granted a term of thirty (30) days to oppose. Dr Sicard, in turn, announced his intention to file a dispositive motion which will not be discovery-based, based on the alleged immunity afforded to him by law as an employee of the Commonwealth. The Hospital will in all probability be challenging the Court's jurisdiction under EMTALA, although on this matter discovery will be needed.

AO 72A
(Rev.8/82)

Moreover, there is still a defendant, Dr. Carlos Cabrera, pending to be served with process. Plaintiffs informed that their decision of whether to maintain said party in the action will depend on the information to be received from Hospital in its answers to the interrogatories.

In view of the above, the Court will not set a final timetable for discovery at this time. Instead, **a second scheduling conference is set for MARCH 24, 2000 at 9:00 A.M.** in which a deadline for discovery, pretrial and trial dates will be established.

In the meantime, the parties shall engage in cooperative efforts to advance their discovery. Any discovery problem which may not be solved informally as required by the Local Rules of Procedure, shall be brought promptly to the Court's attention. However, no such motion will be reviewed unless it contains a statement by the movant, pursuant to Local Rule 311.11, that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion. While any such problem is pending resolution by the Court, discovery on all other matters shall continue. No motion shall interrupt discovery unless the Court so orders. The parties are reminded that they are not to file any discovery papers with the Court other than as permitted by Local Rule of Procedure 315.

The dates specified herein were agreed to or otherwise ordered by the Court at the conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event.

CIVIL 98-2154CCC                                    4

Any objections or requests for modification of the terms and conditions of this Order shall be filed within eleven (11) days after notice, or they shall be considered waived.

SO ORDERED.

At San Juan, Puerto Rico, on November 8, 1999.

                                                                CARMEN CONSUELO CEREZO
                                                                United States District Judge