IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMILIANA OTERO-ROLON,
MARIA MERCEDES OTERO-ROLON, JOSE A. OTERO-ROLON,
JUANA LYDIA OTERO-ROLON,
MARIA MARGARITA OTERO-ROLON, MARIA SOCORRO OTERO-ROLON

Plaintiffs

vs                              CIVIL 98-2154CCC

HOSPITAL ALEJANDRO OTERO-LOPEZ'
CARIBBEAN ANESTHESIA SERVICES,
INC.; ABC CORPORATION d/b/a
HOSPITAL ALEJANDRO OTERO-LOPEZ;
EMERGENCY DEPARTMENT OF THE
HOSPITAL ALEJANDRO OTERO-LOPEZ;
CORPORATION DEF; DOCTOR Y.
RODRIGUEZ, his/her wife and/or husband;
MR(S). "G" and the legal partnership
constituted by them; DR. SICARD his/her
wife/husband, MR(S)., "H" and the legal
partnership constituted by them;
DEFENDANTS J. DOE AND R. ROE, their
husbands or wives MR(S). "I" and "N" and
the legal partnership constituted by them;
INSURANCE COMPANIES J, K, L & M

Defendants

**SECOND SCHEDULING AND CASE MANAGEMENT ORDER**

A second scheduling and case management conference was called in this case on June 22, 2000 at 9:00 A.M. Plaintiffs were represented by attorney María del Carmen Taboas. Defendant Caribbean Anesthesia Services, Inc. d/b/a Hospital Dr. Alejandro Otero López (Hospital) was represented by attorney María Elisa González. Attorney Iván Domínguez appeared on behalf of defendants Dr. David T. Sicard, his spouse and their conjugal partnership (Dr. Sicard). Defendant Dr. Yazmín E. Rodríguez-Vello (Dr. Rodríguez) was represented by attorney José L. González-Castañer.

AO 72A
(Rev.8/82)

All defendants except for Dr. Rodríguez have answered the interrogatories propounded by plaintiffs. Discovery efforts against Dr. Rodríguez have been on a hiatus given the controversy of whether she was correctly served with process. The Court have just ordered that defendant Dr. Rodríguez be served again with process, and Dr. Rodríguez has agreed to answer plaintiffs' outstanding interrogatories within a term of twenty (20) days after being summoned. Hospital, in turn, still owes some documents requested by plaintiffs, but these will be disclosed within the term of fifteen (15) days after the conference. Depending on the information contained in those documents, plaintiffs might decide to add additional parties to the action.

Several depositions remain to be taken. Plaintiffs still need to depose defendant Dr. Rodríguez, Mr. Alex Rivera, who apparently made some initial annotations on the medical record, Miss Delgado, a laboratory technician, and personnel of the 9-1-1 telephone service. The deposition of Dr. Rodríguez has been scheduled for September 13, 2000. Plaintiffs' three other depositions were scheduled for August 15, 2000.

Defendants will also be taking depositions, including that of plaintiffs and any of their relatives that witnessed the incidents alleged in the complaint, Mr. Francisco Rivera, who provided ambulance service to the deceased, and Mr. José David Narváez, a witness to at least some of the events narrated in the complaint. The parties agreed to set aside the following dates for these depositions: August 14, September 6, 18 & 26, and October 6, 2000.

Once discovery concludes, defendants Dr. Rodríguez and Hospital will be filing summary judgment motions challenging the Court's jurisdiction under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §1395dd et. seq. Defendant Dr. Sicard will be filing a dispositive motion based on the alleged immunity afforded to him by law as an employee of the Commonwealth.

CIVIL 98-2154CCC                                                3

Having considered the discovery remaining to be conducted and the announced dispositive motions, the Court establishes the following schedule:

The parties are GRANTED until OCTOBER 31, 2000 to conduct discovery. By this deadline, all interrogatories and requests for admissions must be answered and all depositions and examinations taken. This means that interrogatories and requests for admissions must be served at least thirty (30) days prior to the deadline and notice of depositions given within a reasonable time within the deadline. The parties are advised that the discovery period established herein will not be postponed or altered except by order of the Court and upon good cause shown. During this period the parties shall engage in cooperative efforts to conclude all their discovery. Any discovery problem which may not be solved informally as required by the Local Rules of Procedure, shall be brought promptly to the Court's attention. However, no such motion will be reviewed unless it contains a statement by the movant, pursuant to Local Rule 311.11, that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion. While any such problem is pending resolution by the Court, discovery on all other matters shall continue. No motion shall interrupt discovery unless the Court so orders. The parties are reminded that they are not to file any discovery papers with the Court other than as permitted by Local Rule of Procedure 315.

The deadline for the filing of dispositive motions will expire thirty (30) days after the conclusion of discovery. If not filed by said date, the arguments thereunder shall be deemed waived. Any opposition will be filed within forty five (45) days after notice of the filing of the motion. If any reply to the opposition is needed, it shall be filed only after requesting leave from the Court as required by Local Rule of Procedure 311.7. No other pre-trial dispositive motion shall be filed without first requesting and obtaining the Court's permission.

CIVIL 98-2154CCC                              4

**The pretrial conference is hereby set for May 22, 2001 at 4:45PM.** The jury trial is set for June 19, 2001 at 9:30AM.

The parties are mindful that this discovery schedule may be affected if additional defendants are added to the action. Thus, if plaintiffs decide to amend their complaint to include additional defendants, which they shall do by no later than AUGUST 4, 2000, the Court will then hold another scheduling conference on SEPTEMBER 6, 2000 at 9:00 A.M. in order to address the matter.

The dates specified herein, except for the pretrial and trial dates, were agreed to or otherwise ordered by the Court at the conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event.

Any objections or requests for modification of the terms and conditions of this Order shall be filed within eleven (11) days after notice, or they shall be considered waived.

SO ORDERED.

At San Juan, Puerto Rico, on July 17, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

AO 72A
(Rev.8/82)